**NOT FOR PUBLICATION**                                                        **CLOSED**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LLDVF, L.P.,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT J. DINICOLA et al.,<br><br>        Defendants. | Civil Action No.: 09-1280 (JLL)<br><br><br>**ORDER** |

      Currently before the Court are three motions to dismiss Plaintiff's Amended Complaint: (1) a motion to dismiss filed by Defendant Silver Point Capital Fund Investments LLC; (2) a motion to dismiss filed by Defendants Peter Copses, Andrew Jhawar, Lee Neibart, Brain Pall, Michael Gatto, Linens Investors, LLC, Apollo Linens Investors, LLC, Apollo Management V, L.P., and NRDC Real Estate Advisors I LLC; and (3) a motion to dismiss filed by Robert DiNicola and Francis Rowan. These motions are unopposed by Plaintiff.

      In its Amended Complaint, Plaintiff brings two federal claims pursuant to Section 18 and Section 20(a) of the Securities Exchange Act of 1934 and one state law claim for negligent misrepresentation. At various times between May 4, 2007, and November 16, 2007, Plaintiff purchased Linens' Senior Secured Floating Rate Notes issued by Linens 'n Things, Inc. and Linens 'n Things Center, Inc. (Compl. ¶¶ 23-24.) The Notes had a face value of $43,500,000. (Id. at ¶ 23.) On May 1, 2008, Linens 'n Things filed for bankruptcy. (Id. at ¶ 21.) Plaintiff seeks to recover its losses on these Notes from the Defendants in this matter. The individual defendants were members of Linens' executive management team and its board of directors. The

entity defendants collectively owned 99.97% of the company.

All defendants move to dismiss the Section 18 claim as barred by that section's one year statute of limitations and for failure to state a claim. One element of a Section 20(a) claim is a primary violation of securities laws. Thus, all defendants argue that because Plaintiff's Section 18 claim fails, so must its Section 20(a) claim. Additionally, all defendants but Mr. DiNicola and Mr. Rowan argue that even if a valid Section 18 claim had been plead, the Section 20(a) claim would nevertheless fail either because certain defendants are not controlling persons for purposes of this section or because Plaintiff has not plead facts to support an allegation that they were "[a] culpable participant[] in the fraud perpetrated by [the] controlled person[]." (See, e.g., Mem. of Law in Supp. of Def. Silver Point Capital Fund Invs. Mot. to Dismiss Plf.'s First Am. Compl., at 8 (quoting Rochez Bros., Inc. v. Rhoades, 527 F.2d 880, 889-90 (3d Cir. 1975) (alteration in original).)

The Court has considered Plaintiff's Amended Complaint and all of the papers in support of the various motions to dismiss. With respect to the two federal securities laws claims, the Court also has considered certain attachments to the motions to dismiss. Specifically, the Court has considered the SEC filings that are the subject of Plaintiff's Amended Complaint and newspaper articles discussing Linens' financial condition during the period relevant to Plaintiff's claims. These items are properly considered in evaluating Defendants' motions without converting them into ones for summary judgment. See Benak v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 401 n. 15 (3d Cir. 2006) (finding no abuse of discretion where a district court took judicial notice of newspaper articles in evaluating whether the plaintiffs had been on inquiry notice for their claimed injuries); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426

(3d Cir. 1997) ("[A] document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (internal quotations omitted, alteration in original). Plaintiff is a sophisticated business represented by counsel. Opposition to the present motions was due December 9, 2009. As noted above, no opposition has been filed. After review of the submissions, this Court finds Defendants' legal arguments persuasive based on the facts presented and construes Plaintiff's failure to file an opposition to any of the pending motions disputing these legal arguments and the additional facts presented therein as a concession of those arguments and facts. Therefore, the Court dismisses Plaintiff's Section 18 and Section 20(a) claims.

Jurisdiction over Plaintiff's negligent misrepresentation claim was premised on this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Having dismissed Plaintiff's federal claims, this Court declines to exercise supplemental jurisdiction over the remaining state law claim. Therefore, Plaintiff's negligent misrepresentation claim is also dismissed.

Accordingly, it is on this 23rd day of December, 2009,

**ORDERED** that Defendant Silver Point Capital Fund Investments LLC's motion to dismiss (CM/ECF No. 17) is GRANTED; and it is further

**ORDERED** that Defendants Peter Copses, Andrew Jhawar, Lee Neibart, Brain Pall, Michael Gatto, Linens Investors, LLC, Apollo Linens Investors, LLC, Apollo Management V, L.P., and NRDC Real Estate's motion to dismiss (CM/ECF No. 20) is GRANTED; and it is further

**ORDERED** that Defendants Robert DiNicola and Francis Rowan's motion to dismiss (CM/ECF No. 21) is GRANTED; and it is further

**ORDERED** that Plaintiff's Amended Complaint is DISMISSED with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close the file in this matter.

/s/ Jose L. Linares,
United States District Judge